IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>STEIN CONSTRUCTION COMPANY, INC., a Tennessee corporation,<br><br>*Defendant.* | Case No. 18-cv-1769<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendant, allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause

contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Stein Construction Company, Inc. ("Stein") is a corporation organized under the laws of the State of Tennessee.

## CLAIM FOR RELIEF

8. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 7 of this Complaint as though fully set forth herein.

9. During all relevant times, Stein was bound by collective bargaining agreements with certain local unions affiliated with the International Brotherhood of Teamsters, under which Stein was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. The Pension Fund determined that on or about December 13, 2015, Stein permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

11. As a result of this complete withdrawal, the Pension Fund determined that Stein incurred withdrawal liability to the Pension Fund in the principal amount of $777,315.71, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

12. On or about June 21, 2017, Stein received a notice and demand for payment of the withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice demanded full payment of the entire amount of the withdrawal liability by July 1, 2017, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, Section 5(e)(2)(E) of the Pension Fund's Pension Plan. The amount demanded was $777,315.71, the balance owed at that time on the withdrawal liability.

13. By letter dated June 29, 2017, Stein requested a review of the Pension Fund's withdrawal liability assessment under section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

14. Pursuant to section 4219(b)(2)(B) of ERISA, 29 U.S.C. § 1399(b)(2)(B), the Pension Fund responded to Stein's review request via a letter dated November 15, 2017, which stated that the Trustees had considered and subsequently rejected Stein's review request and explained the reasons for such decision therein. This letter was addressed to Stein's president, Mr. F. Douglass Stein, and sent via UPS Next Day Air (tracking number

1Z3951X91298865719), but Mr. Stein refused delivery of the Review Response on November 22, 2017.

15. Under section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), any dispute regarding withdrawal liability must be arbitrated and the time to initiate arbitration is measured either from within 60 days of the date of notification to the employer of the plan sponsor's response to the review request under section 4219(b)(2)(B) of ERISA, 29 U.S.C. § 1399(b)(2)(B), or 180 days of the employer's request for review under section 4219(b)(2)(B) of ERISA, 29 U.S.C. § 1399(b)(2)(A) – whichever is earlier.

16. Stein did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

17. Stein failed to make the required withdrawal liability payment to the Pension Fund.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for –

    (i) $777,315.71 in withdrawal liability;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

  (iii) an amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

  (iv) attorney's fees and costs.

 (b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

 (c) For such further or different relief as this Court may deem proper and just.

        Respectfully submitted,

        */s/ Corey J. Jahner*
        Corey J. Jahner, Esq.
        CENTRAL STATES FUDNS
        Law Department
        9377 W. Higgins Road, 10th Floor
        Rosemont, Illinois 60018
        Telephone: (847) 939-2470
        E-mail: cjahner@centralstates.org
March 12, 2018      ARDC No. 6313125